HON. ROBERT P. WHALEN, M.D. Commissioner of Health Department of Health
This is in response to your request by letter and by telephone discussions with Principal Attorney Ambrose Donovan, for an opinion as to whether or not the Department of Health may disclose information concerning a patient to the patient, upon his request, which information is in the Department's possession due to the filing requirement of certain prescriptions pursuant to the Controlled Substances Act.
The N.Y. State Controlled Substances Act (Public Health Law, §3300, et. seq.) became effective in 1973 and governs and controls the possession, manufacture, dispensing, administering and distribution of controlled substances. In order to more closely regulate the dispensing of narcotic drugs by prescription and to control the abuse of legitimately prescribed drugs, the Act sets up a detailed procedure for prescribing and dispensing certain drugs (Public Health Law, §§3331, 3332, 3333, 3334). Either the medical practitioner or the pharmacist, depending on which one dispenses the drugs, must file copies of the prescriptions for certian drugs with the Department. (§§ 3331(6), 3333(4))
In order to protect a patient from unwarranted invasion of privacy, section 3371 provides that: "No person, who has knowledge by virtue of his office of the identity of a particular patient * * * shall disclose such knowledge, or any report or record thereof, except: * * *" to certain persons, one of whom is not the patient, himself.
It does not appear that the statute was intended to bar a patient from acquiring information concerning himself. The statute prohibits the disclosure of the identity of a patient. To protect the identity of a patient from the patient himself would be illogical and such reasoning would give the statute a tortured construction.
In regard to the situation you present wherein a representative of a deceased patient seeks information contained in the Department's files, the same reasoning applies. The representative of a deceased patient is acting on the patient's behalf and the protection of the patient's identity from his own representative appears unnecessary.
Of course, in order to protect the patient's confidentiality, it would be necessary for the Department to set up strict procedures to substantiate the true identity of the person who requests the information.
Therefore, I conclude that the Department of Health may disclose to the patient himself information concerning the patient which is in the Department's possession due to the filing requirement of certain prescriptions pursuant to the Controlled Substances Act.